BASKIN, Judge.
Electronics Trade Center, Inc. [ETC] appeals the entry of an adverse summary judgment in its action for damages for loss of cargo filed pursuant to the Carriage of Goods by Sea Act, 46 U.S.C.App. § 1304 (1987). We reverse.
ETC loaded 522 cartons of goods into one sea container provided by the carrier, Flota Venezolana de Mar, Rio y Lago, S.A. [Flo-ta]. ETC sealed the container and delivered it to Flota’s agents in West Palm Beach. Flota issued a bill of lading for the shipment of one package containing 522 cartons of electronics goods. Paragraph ten of the bill of lading incorporates section 4(5) of the Carriage of Goods by Sea Act, 46 U.S.C.App. § 1304(5) (1987), and provides:
In case of any loss or damage to or in connection with Goods exceeding in actual value the equivalent of $500 lawful money of the United States, per package, or in case of Goods not shipped in packages, per shipping unit, the value of the Goods shall be deemed to be $500 per package or per shipping unit or pro rata in case of partial loss or damage, unless the nature of the Goods and a valuation higher than $500 per package or per shipping unit, shall have been declared in writing by the shipper before shipment and inserted in this Bill of Lading, and extra freight or charges paid. In such case, if the actual value of the Goods, per package or per shipping unit, shall exceed such declared value, the value shall nevertheless be deemed to be declared value and the Carrier’s liability, if any, shall not exceed the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.
Paragraph twelve of the bill of lading states that each container shall be deemed a single package.
The container was loaded on the “Marla-go I” for delivery to the Port of La Guaira, Venezuela. When the “Marlago I” suffered some unspecified mechanical difficulties, the crew unloaded the shipment in the Virgin Islands and reloaded it onto another vessel. The container arrived at its destination, but inspection revealed it had been broken into and 192 boxes, valued at $50,-732.16, were missing. When notified of'the loss, Flota denied the claim, citing the contractual liability limitation of $500 per package. Flota asserted that because the bill of lading listed the container as the only package, Flota’s liability was limited to $500. ETC sued Flota for damages, alleging that each box in the container constituted a package. The trial court granted Flota’s motion for summary judgment and entered final judgment. ETC appeals.
The issue is whether the trial court properly applied section 4(5) of COGSA, which limits carrier liability to $500 per package or customary shipping unit unless the nature and value of the goods have been declared by the shipper prior to shipment and specified in the bill of lading. We hold that the court erred.
The COGSA package limitation sets a “reasonable limitation on liability which carriers by law could not reduce by con *1314 tract,” Vegas v. Compania Anonima Venezolana de Navegacion, 720 F.2d 629, 630 (11th Cir.1983); Allstate Ins. Co. v. Inversiones Navieras Imparca, C.A., 646 F.2d 169 (5th Cir.1981); Leather’s Best, Inc. v. S.S. Mormaclynx, 451 F.2d 800 (2d Cir.1971), and “makes null and void any agreement reducing the carrier’s liability below that level.” Mitsui & Co., Ltd. v. America Export Lines, Inc., 636 F.2d 807, 814 (2d Cir.1981).
Unfortunately, the legislature’s failure to define the term “package” has caused controversy concerning the precise meaning of the term. The use of containers on ships served only to increase the difficulty of definition. “It did not take long for carriers ... to realize that if they could persuade the courts to consider a container rather than smaller units stowed inside to be the ‘package’ for purposes of § 4(5) of COGSA, they would thereby practically nullify that section.” Mitsui, 636 F.2d at 816. To assist in implementing legislative intent, courts have consistently held that a container is functionally a part of the ship, rather than a package. Mitsui; Leather’s Best; Allstate. “[A]t least when what would ordinarily be considered packages are shipped in a container supplied by the carrier and the number of such units is disclosed in the shipping documents, each of those units and not the container constitutes the ‘package’ referred to in § 4(5).” Mitsui, 636 F.2d at 817; Hayes-Leger Assoc., Inc. v. M/V Oriental Knight, 765 F.2d 1076 (11th Cir.1985); Allstate.
In the case before us, ETC loaded boxes of electronic equipment into a container provided by Flota. ETC sealed the container and delivered it to Flota. Flota issued a clean bill of lading describing the goods as one “20' container S.T.C. 522 cartons ‘electronic goods.’ ” That description renders each carton a separate package for purposes of COGSA’s $500 liability limitation.[1] The trial court’s grant of summary judgment, based on the conclusion that the container constituted the sole package for COGSA liability, was error.
ETC’s remaining point, that the “Marla-go I” deviation from the terms of the bill of lading was unreasonable, raises a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed and remanded for further proceedings.

. The definition in paragraph twelve is super-ceded by COGSA.